UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA COOK, | ) |
| | ) |
| Plaintiff, | ) Case: 1:22-cv-03638 |
| | ) |
| v. | ) |
| | ) |
| CROTHALL LAUNDRY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Jessica Cook ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Crothall Laundry Services, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5.  During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.  All conditions precedent to the filing of this lawsuit have been fulfilled or complied with.

7.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9.  Plaintiff is an individual residing in Cook County, IL.

10. Defendant operates a commercial laundry service at 440 West 95th Street, Chicago, Illinois 60453, in which is in this judicial district.

11. At all times relevant, Plaintiff was employed and worked at Defendant's laundry location at 440 West 95 Street, Chicago, Illinois 60453.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a Distribution Manager on or about April 11, 2022.

13. Since at least April 11, 2022 through April 15, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

14. On or around April 12, 2022, the general manager, a white male, Mr. Daryl Stevenson inquired to all new hires about their name, goals, and backgrounds.

15. During the introduction meeting, once Plaintiff stated her name and her pertinent information, Mr. Stevenson refused to acknowledge her or respond to her like he would with the other (white) employees.

16. On or around April 14, 2022, Mr. Stevenson made a racial derogatory comment about the Plaintiff "I didn't know she was a black girl."

17. Plaintiff immediately reported Mr. Stevenson's conduct and comments to her Human Resources manager, Mr. Bradley Derosa a white male.

18. Mr. Derosa responded to the Plaintiff's complaint by saying "He (Mr. Stevenson) probably wasn't talking about you," even though the Plaintiff was the only person in the room when the racial comment were made.

19. On or around April 15, 2022 during the Plaintiff's training, her trainer, Ms. Olivia Harris a white woman made a racially derogatory comment to the Plaintiff and stated "I don't have to watch them like I have to watch your group," referring to African-American employees needing to be watched on the job.

20. Ms. Harris would often leave the Plaintiff during her training and provided no guidance to her unlike her non-African American co-workers.

21. The Plaintiff again complained to her Employer regarding the lack of training and equipment to complete her job duties.

22. The Plaintiff's complaints were ultimately ignored.

23. The Plaintiff's employment was subsequently terminated for purportedly not following the Employer's protocol.

24. The Employer's reason for the Plaintiff's termination was pre-text for race and color discrimination and in retaliation for reporting the unlawful discrimination.

25. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

26. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

30. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

31. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
**Demand for Relief for Color-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

32. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

33. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

34. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

35. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
**Race-Based Harassment in Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

37. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African American in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

39. Defendant knew or should have known of the harassment.

40. The race harassment was severe or pervasive.

41. The race harassment was offensive subjectively and objectively.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African American.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

44. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

45. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

46. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

47. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

48. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of July, 2022.

>    /s/ *Nathan C. Volheim*
>    **NATHAN C. VOLHEIM, ESQ.**
>    IL Bar No.: 6302103
>    **SULAIMAN LAW GROUP LTD.**
>    2500 S. Highland Avenue, Suite 200
>    Lombard, Illinois 60148
>    Phone (630) 568-3056
>    Fax (630) 575 - 8188
>    nvolheim@sulaimanlaw.com
>    *Attorney for Plaintiff*